IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL KOZLOFF,<br><br>    Petitioner<br><br>    v.<br><br>WARDEN OF SCI MUNCY, and<br>DISTRICT ATTORNEY OF ERIE<br>COUNTY,<br><br>    Respondents | Case No. 1:24-cv-27<br><br>SUSAN PARADISE BAXTER<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>REPORT AND RECOMMENDATION<br>ON PETITION FOR WRIT OF HABEAS<br>CORPUS (ECF NO. 8) |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the petition for writ of habeas corpus, ECF No. 8, be denied and that no certificate of appealability issue.

II.    Report

    A.    Procedural history

Before the Court is a petition for a writ of habeas corpus filed by Petitioner Rachel Kozloff pursuant to 28 U.S.C. § 2254. ECF No. 8. Petitioner is incarcerated at the State Correctional Institution at Muncy, serving a sentence of imprisonment imposed by the Court of Common Pleas of Erie County, Pennsylvania.

The record and the criminal docket for Petitioner's underlying convictions in *Commonwealth v. Kozloff*, CP-25-CR-0001849-2012 (Erie Cnty. Com. Pl.) reveal the following. Petitioner was convicted at a jury trial of murder in the third degree, possession of an instrument of crime, and recklessly endangering another person. On January 29, 2013, Petitioner was sentenced to an aggregate term of 18 to 40 years' imprisonment. Petitioner filed an appeal to the

Superior Court of Pennsylvania, which affirmed the judgment of sentence on April 22, 2014. *Commonwealth v. Kozloff*, 102 A.3d 538 (Pa. Super. 2014) (unpublished memorandum). Petitioner did not file a timely petition for allowance of appeal in the Supreme Court of Pennsylvania. Thus, her judgment of sentence became final on May 22, 2014.

On April 2, 2015, Petitioner filed a timely petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The petition was dismissed on June 19, 2015. The Superior Court affirmed the dismissal on July 19, 2016. *Commonwealth v. Kozloff*, 154 A.3d 861 (Pa. Super. 2016) (unpublished memorandum).

On August 10, 2016, Petitioner filed a second PCRA petition. That petition was dismissed as improperly filed because her first PCRA petition was still pending in the appeals court.

Petitioner filed her petition in this case on or about January 24, 2024. ECF No. 1-2. She filed an amended petition on May 26, 2024, in which she raised four claims, none of which was raised in the original petition. ECF No. 8. Respondents filed an answer. ECF No. 12. The petition is now ripe for review.

B.     Analysis

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Petitioner raises four claims in the instant petition, all of which relate to pre-trial or trial events. *See* ECF No. 8 at 6-18. Therefore, in accordance with § 2244(d)(1)(A), the statute of limitations for Petitioner's claims began to run on the date her judgment of sentence became final, May 22, 2014. The one-year limitations period for each of Petitioner's claims began to run on that date.

Petitioner filed her first PCRA petition 315 days later, on April 2, 2015. Under § 2244(d)(2), this PCRA proceeding statutorily tolled AEDPA's limitations period until August 18, 2016, at the expiration of the time for filing with the Supreme Court of Pennsylvania a petition for allowance of appeal from the Superior Court's order affirming the dismissal of the PCRA petition. Pa.R.A.P. 1113(a), *Swartz v. Meyers*, 204 F.3d 417, 420-21 (3d Cir. 2000).

The AEDPA's limitations period began to run again the next day, on August 19, 2016.[1] At that point, 315 days had already expired from the limitations period. Petitioner thus had 50 more days—until on or around October 11, 2016[2]—to file timely claims in a federal habeas petition. As explained above, the instant petition was filed in May 2024, more than seven years later. Thus, as

---

[1] Petitioner's second PCRA petition was not "properly filed" for § 2244(d)(2) purposes and therefore did not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006).

[2] *See* Fed. R. Civ. P. 6(a)(1)(C) (omitting from computation of time period the last day where that day is a weekend or holiday).

Respondents correctly argue, ECF No. 12 at 2-3, Petitioner's claims are untimely, and she is not entitled to habeas relief thereupon.[3]

C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason

---

[3] Petitioner makes no attempt to show that her petition is timely. The Court notes, however, that as to Ground Three, Petitioner asserts she recently "learned of the ground [in] May of 2024." ECF No. 8 at 15. Ground Three appears to be a claim that she did not receive pre-trial bail. To the extent that Petitioner is suggesting that AEDPA's statute of limitations for Ground Three began to run in May of 2024 under § 2244(d)(1)(D), that argument is rejected because there is no basis to conclude that the "factual predicate for" Ground Three could not "have been discovered" earlier "through the exercise of due diligence[.]" 28 U.S.C. § 2244(d)(1)(D). To the extent Petitioner is attempting to invoke the equitable tolling exception to AEDPA's one-year statute of limitations, *see Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022) (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)), that argument also rejected. Petitioner has not directed the Court to any grounds to support a finding of equitable tolling in this case. *Id.* at 273 (to be entitled to equitable tolling, "the petitioner bears the burden of establishing that [she] has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in [her] was and prevented timely filing.") (internal quotations and citations omitted). Most importantly, however, Petitioner is no longer subject to pre-trial detention and Ground Three, like any other claim challenging her pre-trial detention, has been rendered moot by her conviction. *See Carlton v. Warden Atl. Cnty. Facility*, 2022 WL 4459910 (3d. Cir. 2022). Thus, even if this claim had been timely filed, it would be dismissed as moot.

would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability will be denied with respect to her claims.

III.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated:  October 29, 2024

RICHARD A. LANZILLO
Chief United States Magistrate Judge